IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COLBURN CLIFTON GOODEN KELLY #J49515,

    *Petitioner,*

v.                                                          Case No.:

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,                    3: 22cv 355· BJD - PDB

    *Respondents,*

_____/

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON *NOT* IN STATE CUSTODY AFTER RECENT EXHAUSTION OF STATE COURT REMEDIES AND ADOPTING APPENDICES FROM HABEAS CORPUS CASE NO. 3:21-cv-1100-HLA-MCR

1. (a) Name and location that entered the judgment of conviction you are challenging: Clay County County Court, Green Cove Springs, Florida

   (b) Criminal docket or case number: 2015-CT-001348

2. (a) Date of the judgment of conviction: 10/05/2015

   (b) Date of sentencing: 10/05/2015

3. Length of sentence: Two Days County Jail

4. In this case, were you convicted on more than one count or of more than one crime?
[ ] Yes        [ x ] No

5. Identify all crimes of which you were convicted and sentenced in this case:

      (1) DWLSR (Driving While License Suspended or Revoked)

6. (a) What was your plea?

      [ ] Not Guilty  [ ] Guilty  [ x ] Nolo Contendere  [ ] Insanity Plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another

count or charge, what did you plead guilty to and what did you plead not guilty to?

<u>n/a</u>

(c) If you went to trial, what kind of trial did you have?

[  ] Jury        [  ] Judge only        [ x ] n/a

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

[  ] Yes        [ x ] No

8.    Did you appeal from the judgment of conviction?

[  ] Yes        [ x ] No

9.    If you did appeal, answer the following:

(a) Name of court: _____<u>n/a</u>_____

(b) Docket or case number: _____<u>n/a</u>_____

(c) Result: _____<u>n/a</u>_____

(d) Date of Result: _____<u>n/a</u>_____

(e) Citation to the case: _____<u>n/a</u>_____

(f) Grounds Raised: _____<u>n/a</u>_____

(g) Did you seek further review by a higher state court?  [  ] Yes   [ x ] No

(h) Did you file a petition for certiorari in the United States Supreme Court?

[  ] Yes        [ x ] No

10.    Other than the direct appeals listed above, have you previously filed any other petitions,

or motions concerning this judgment of conviction in any state court?

[ x ] Yes        [  ] No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: <u>Clay County, County Court, Green Cove Springs, Florida</u>

(2) Docket or case number: <u>2015-CT-001348</u>

(3) Date of filing: <u>May 16, 2017 and September 14, 2017</u>

(4) Nature of the proceeding: <u>Fla. R. Crim. P. 3.850 Initial and Supplemental</u>

<u>APPENDIX L & M</u>

(5) Grounds raised:

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO
IMPEACH ADVERSE WITNESS IN VIOLATION OF THE SIXTH
AND FOURTEENTH AMENDMENTS

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO
CONDUCT ADEQUATE PRE-TRIAL DISCOVERY
INVESTIGATION IN VIOLATION OF THE SIXTH AND
FOURTEENTH AMENDMENTS

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO
FILE A MOTION TO CONSOLIDATE THE MISDEMEANOR AND
FELONY CASES IN VIOLATION OF THE SIXTH AND
FOURTEENTH AMENDMENTS

INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO
CHALLENGE A DEFACTO ARREST WITHOUT PROBABLE
CAUSE IN VIOLATION OF THE SIXTH AND FOURTEENTH
AMENDEMENTS

(6) Did you receive a hearing where evidence was given on your petition,

application, or motion? <u>Yes</u>

(7) Result: <u>Denied</u>

(8) Date of result: <u>June 24ᵗʰ, 2020 (Denial) and September 18, 2020 (Rehearing)</u>

12.   For this petition, state every ground on which you claim that you are being held in
violation of the Constitution, laws, or treaties of the United States. Attach additional
pages if you have more than four grounds. State the facts supporting each ground.

<u>CAUTION: To proceed in federal court, you must ordinarily first exhaust (use up) your
available state-court remedies on each ground on which you request action by the federal
court. Also, if you fail to set forth all the grounds in this petition, you may be barred from
presenting additional grounds at a later date.</u>

## GROUND ONE

**TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADEQUATELY ARGUE IN THE MOTION TO SUPPRESS THAT LAW ENFORCEMENT EXCEEDED THE SCOPE OF A *TERRY* STOP BY UNREASONABLY EXTENDING THE STOP WITHOUT PROBABLE CAUSE IN VIOLATION OF PETITIONER'S RIGHTS UNDER THE FOURTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

**(a) Supporting facts:**

The instant claim of ineffective assistance of trial counsel is raised for the first time in this application for writ of habeas corpus; the petitioner filed his initial-review collateral proceeding *without the benefit of counsel*, and therefore respectfully urges this Court to rule upon, in the first instance, the foregoing claim of ineffective assistance of trial counsel. In support of overcoming the procedural default, the petitioner relies upon *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), wherein which the United States Supreme Court held:

Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Id. At 1320. (emphasis added). In 2013, the Supreme Court confirmed that the Martinez ruling applied to prisoners who technically had the ability to bring their ineffective assistance claims on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition. *Trevino v. Thaler*, 133 S. Ct. 1911, 1921, 185 L. Ed. 2d 1044 (2013). Under Martinez, a petitioner still must establish that his underlying ineffective assistance claim is "substantial" -- that is, that it has "some merit" before the procedural default can be excused. Martinez, 132 S. Ct. At 1318-19.

Here, on September 18, 2015, counsel Gregg Williams filed a motion to suppress all evidence. See **Appendix A** [Motion To Suppress]. This motion provided in pertinent part:

### Grounds for Suppression

All statements made by the defendant after he was stopped and detained by the police.

All observations of the defendant by any officer.

All other evidence obtained as a result of this unlawful arrest.

**Gregg Williams:** "Defendant further avers that on April 3, 2015, the Defendant was in the parking lot of McDonald's when approached Officer C.E. Jett and the Defendant was not driving. Upon Officer C.E. Jett approaching the Defendant, immediately seized him and ordered him into his vehicle, afterwhich, he was arrested Driving While License Suspended."

Specifically, as to the detention, at the motion to suppress evidentiary hearing, counsel argued:

At the very moment at the Defendant was ordered to sit down, he was detained. This detention was not based upon Deputy Jett's reasonable, articulable suspicion of criminal activity, and therefore, the fruit of the poisonous tree must be suppressed.

However, the issue argued dealt exclusively with the sufficiency of the anonymous tip and did not address the length of the detention as a seperate and distinct ground for relief. On October 5th, 2015, Kelly's motion to suppress was orally denied,

Kelly and Heather Mcdonald were seized at 18:04 and 18:10[2] respectively based on an anonymous tip to the effect that Kelly and Mcdonald would arrive at a particular location to sell heroin and that Kelly might be in possession of a firearm. After the seizure, Mcdonald attempted

---

2   Appendix J [CAD Report]

to flee to avoid being arrested on a violation of probation warrant. Dep. Jett was forced to discontinue his investigation to apprehend McDonald, placing her in handcuffs, arresting her and placing her in the back of a patrol vehicle. While apprehending Mcdonald, according to Jett, Kelly began digging in his pockets, prompting Jett to draw his service weapon and hold Kelly at gunpoint until backup arrived shortly thereafter. Kelly was then placed in handcuffs and ordered to remain seated on the curb. Jett then notified dispatch that both Kelly and McDonald were in custody.

At that point, exigent circumstances had subsided. Deputy Jett violated *United States v. Sharpe*, 470 U.S. 675, 686, 105 S. Ct. 1568, 84 L. Ed. 2d 605 (1985) when he failed to diligently pursue the purpose of the initial detainment.

Neither Deputy Jett or the patrol officers patted Kelly down, requested his identification, or asked why he was at the McDonalds. Kelly was left sitting on the curb for approximately (49) minutes, until narcotics agents arrived obtained a warrant to search the vehicle and where Smith then arrested Kelly for DWLSR. Smith had not requested that Jett detain Kelly and had no prior knowledge of the status of Kelly's driver's license. **Appendix B** [October 5th, 2015 Ev. Hearing p. 22, 24].

Counsel failed to obtain any discovery, specifically the CAD report and had he done so, would have deduced that there was a good faith basis to argue that Kelly was already under arrest without sufficient probable cause prior to Smith's arrival.

Counsel's failure to argue that Kelly's detention exceeded the scope of the basis for the initial seizure, resulting in an unlawful defacto arrest, constitutes deficient performance that caused Kelly to suffer prejudice, as there is a reasonable probability that the arguments omitted as well as Kelly's testimony at an evidentiary hearing would have been successful if presented,

resulting in the granting of Kelly's motion to suppress and the complete collapse of the State's case against him, as the motion to suppress was clearly dispositive.

PREJUDICE: But for counsel's deficient performance, there is a reasonable probability that, if not for counsel's unproffessional error, the result would have been different, whereas he would not have entered the plea and would have insisted on going to trial, wherein the state's case was wholly circumstantial. Petitioner asserts his right to a fair trial and due process rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated.

(b)    **If you did not exhaust your state remedies on Ground One, explain why:**
Petitioner was without counsel at the time of the filing of his initial Fla. R. Crim. P. 3.850

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

[  ] Yes        [ x ] No

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel claims are usually not cognizable on direct appeal in the state of Florida. See Reynolds v. State, 99 So. 3d 459, 474 (Fla. 2012) (holding that ineffectiveness claims "generally are not cognizable on direct appeal and are properly raised in postconviction proceedings").

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

[ x ] Yes        [  ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    3.850 Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed:

 Clay County, County Court, Green Cove Springs, Florida 

Docket or case number:  2015-CT-001348

Date of the court's decision:  June 24, 2020 and September 18, 2020 (Rehearing)

Result:   Denied 

(3) Did you receive a hearing on your motion or petition? [ x ] Yes  [  ] No

(4) Did you appeal from the denial of your motion or petition? [ x ] Yes  [  ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  [  ] Yes  [ x ] No

(6) If your answer  to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: First  District Court of Appeal State of Florida 

Docket or case number: 1D21-0107

Date of the court's decision:    November 12, 2021 and Mandate December 10, 2021

Result:   Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The trial court denied this sub-claim in the 3.850 on the basis that it was time barred past the two-year window. On rehearing, Petitioner that the claim related back and was not time barred. Also on rehearing, Petitioner argued that the post-conviction court could consider record evidence relating back to dispose of the claim based on district precedent. Because the post-conviction court did not consider the merits, Petitioner was forced to argue procedural matters to persuade the district court of appeal to reverse for a merits determination. See **Appendix D** [March 22nd , 2018 Ev. Hearing], **Appendix E** [June 24th, 2020 Denial Order], Appendix F [Rehearing], **Appendix G** [Rehearing Denial Order], **Appendix H** [Initial Brief].

**(e)**    **Other Remedies**: Describe any other procedures (such as habeas corpus,

administrative remedies, etc.) that you have used to exhaust your state remedies

on Ground One: n/a

## GROUND TWO

TRIAL COUNSEL WAS INEFFECTIVE AS A RESULT OF HIS FAILURE TO ADEQUATELY ARGUE IN SUPPORT OF KELLY'S MOTION TO SUPPRESS THAT KELLY'S STATEMENTS WERE INVOLUNTARY (EITHER MADE AFTER INVOCATION OF SILENCE OR WITHOUT RE-ADMINISTRATION OF WARNINGS FOLLOWING RE-INITIATION OF CONTACT) OR WERE INDUCED BY THREATS AND PROMISES OF LENIENCY, IN VIOLATION OF KELLY'S RIGHTS UNDER THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

**(a) Supporting facts:**

The instant claim of ineffective assistance of trial counsel is raised for the first time in

this application for writ of habeas corpus; the petitioner filed his initial-review collateral

proceeding *without the benefit of counsel*, and therefore respectfully urges this Court to rule

upon, in the first instance, the foregoing claim of ineffective assistance of trial counsel. In

support of overcoming the procedural default, the petitioner relies upon *Martinez v. Ryan*, 132 S.

Ct. 1309, 182 L. Ed. 2d 272 (2012), wherein which the United States Supreme Court held:

Where, under state law, claims of ineffective assistance of trial counsel must be raised in

an initial-review collateral proceeding, a procedural default will not bar a federal habeas court

from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Id. At 1320. (emphasis added). In 2013, the Supreme Court confirmed that the Martinez ruling applied to prisoners who technically had the ability to bring their ineffective assistance claims on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition. *Trevino v. Thaler*, 133 S. Ct. 1911, 1921, 185 L. Ed. 2d 1044 (2013). Under Martinez, a petitioner still must establish that his underlying ineffective assistance claim is "substantial" -- that is, that it has "some merit" before the procedural default can be excused. Martinez, 132 S. Ct. At 1318-19.

On August 22, 2015, Kelly and Heather McDonald, the mother of Kelly's unborn child, were observed by Clay County Deputy Sheriff Cody Jett parked in the rear lot of a McDonald's restaurant. Heather was smoking a cigarette outside the passenger door of a vehicle from which Kelly was observed sitting behind the steering wheel and then exiting via the driver's door.

As the couple started walking toward the McDonald's, Jett followed and shouted "Heather." As McDonald and Kelly turned to see who was yelling, Jett ordered both to stop and walk back towards him with their hands visible. McDonald and Kelly complied and then sat down on the curb as instructed.

When asked, McDonald denied that her name was Heather. After being accused by Jett of lying, McDonald stood up and attempted to flee the scene. Kelly placed his hand on his right shorts pocket and was ordered at gunpoint to put his hands up as Jett continued to subdue Mcdonald while at the same time requesting back up.

One of the arriving patrol officers handcuffed Kelly but did not perform a pat down. A pat-down was not conducted until after Kelly was arrested one hour after the intial detention.

**Appendix I** [Sgt. Collins Depositions p.19, L.8-10] (As was later determined, there was no firearm in Kelly's pocket nor anything that could have reasonably been suspected to be a firearm.) Medical services were requested for McDonald who was complaining of pain after being knocked to the ground by Jett and physically restrained by force.

Sometime later, Clay County Sheriff's Detective Jonathan Smith accused Kelly of driving the vehicle from which Kelly had been observed exiting by Jett. [A threat by Smith to resort to using the Mcdonalds video surveillance proved unavailing, as Kelly knew (accurately) that Jett had not observed him driving, because Kelly had witnessed Jett arrive at the McDonald's, and Kelly further had no reason to believe that Smith, who arrived much later than Jett, had seen him driving either.]

Kelly was advised of his *Miranda* rights by Clay County Sheriff's Detective Elvis Guzeman. Kelly declined a request by Smith for consent to search the vehicle and immediately invoked his right to remain silent. [Smith then indicated that, unless Kelly authorized a search of the vehicle, the car would be torn apart during the execution of a search warrant, which Smith apparently at the time did not even have.]

[After Smith ceased their conversation and walked away in apparent recognition of the invocation of rights, Kelly was again ordered to sit on the curb. Kelly complied and, in reliance of the threat issued, after the invocation, asked one of the officers for supervisor so that he could explain that he did not want his mother-in-law's $25,000 rental ruined.]

[Clay County Sheriff's Sergeant Collins approached Kelly shortly thereafter and inquired whether Kelly had been advised of his rights. Kelly stated that he had. *Miranda* warnings were not re-issued. Before Kelly could say anything about the vehicle, Collins told Kelly that he wanted to talk first and tell Kelly a story. According to Collins, he liked to go bass fishing.

Sometimes when he caught a nice one, he would just let it go so he could catch an even bigger one, if Kelly knew what he meant. Kelly replied that he did.]

[Collins advised Kelly that Collins had sales charges on him and on McDonald and that it was Collins's understanding that Kelly's pregnant girlfriend had a violation of probation warrant for her arrest on a drug charge. Collins told Kelly that he knew about Kelly's drug activity and offered to forego filing any drug charges in exchange for Kelly's cooperation with the authorities.]

[Kelly indicated that he understood and wanted to cooperate but wanted to talk to his lawyer first. Collins responded that he had not yet filed charges but, if attorneys got involved, there was no deal. Collins wrote down his phone number for Kelly and told him to call after Kelly was released from jail (for his arrest on the driving charge). Collins also mentioned something about the "DEA".]

[After a search warrant was handed to Collins. Kelly told him that Smith had threatened to destroy his mother-in-law's rental and advised Collins that the keys to the vehicle were in his right pocket. Kelly's request that the car be returned to her after the search was authorized by Lt. Jett due to Kelly's cooperation (to "catch a bigger fish").] [Lt. Jett is Dep. Jett's Uncle]

As a result of counsel's failure to adequately investigate the nature and sequencing of the events surrounding Kelly's interrogation, Kelly was deprived of a compelling argument in support of his motion to suppress: namely, that his statements were involuntary or induced by threats and promices of leniency in violation of *Miranda* requirements rendering such evidence in-admissible.

<u>Custody and Interrogation</u>

A reasonable person in Kelly's position would have percieved himself to be in custody at the time Kelly made incriminating statements to the authorities in response to their interrogation. Indeed, the custody issue is not dispositive. Likewise, it cannot be seriously argued that Kelly was not the subject of interrogation.

<u>Coercion</u>

Clay County Sheriff's Detective Elvis Guzeman advised Kelly of his *Miranda* rights, as was required under the circumstances. However, by that time, Kelly had already been handcuffed for nearly an hour and had been held at gunpoint by Jett. Kelly had earlier witnessed the mother of his unborn child tackled and battered by Jett. Approximately (11) officers, armed and in uniform, were on scene, and Kelly reasonably feared that he could have been shot or otherwise injured if he, like McDonald, attempted unsuccessfuly to flee what he percieved to be an illegal detention.

After *Miranda* warnings were administered, Smith began interrogating Kelly and requested consent to search the vehicle. Kelly refused to provide consent and unequivocally invoked his right to remain silent stating that he did not wish to talk anymore. At that point if he refused consent to search the vehicle.

<u>Re-Initiation of Contact Following *Miranda* Without Re-Administration</u>

A reasonable member of law enforcement should have been on notice and apparently understood that Kelly had unquivocally invoked his right to remain silent. Rather than honoring Kelly's request to cease questioning, law enforcement overcame Kelly's will with coercive threats. Kelly's re-initiation of contact with law enforcement was the direct, albeit delayed,

product of such police misconduct. No *Miranda* warnings were re-administered, although they should have been.

Promises of Leniency

All of Kelly's incriminating statements concerning his knowledge of the contraband found in the vehicle were made after promises of leniency involving no arrests on any drug charges were provided to him by Collins. First, Collins employed the "just listen" ploy by telling Kelly to allow Collins to talk before Kelly said anything. This strategy was combined with threats and promises of leniency toward McDonald implied by Collins and inferred by Kelly employed as a means of extracting Kelly's damning admissions.

Deficient Performance and Prejudice

Kelly advised counsel of sufficient facts to warrant a deeper investigation into the facts which would have supported advancing all of these arguments in Kelly's motion to suppress. In addition, counsel should have deduced from the arrest affidavit as well as other discovery that something was amiss in an instance where an arrestee was released on his own recognizance for his arrest on a traffic offense alone when trafficking quantities of controlled substances were found on the same day, at the same time, in the same vehicle and that vehicle was not impunded but instead released to a third party on the authority of law enforcement.

Counsel's failure to use the information surrounding Kelly's incriminating statements constitutes deficient performance that caused Kelly to suffer prejudice, as there is a reasonable probability that the arguments omitted as well as Kelly's potential testimony at an evientiary hearing would have been sussessful if presented, resulting in the granting of Kelly's motion to suppress where the identification element needed to convic of DWLSR would never have made

it front of a jury, resulting in a dispositive motion to suppress.

    **(b)**    <u>If you did not exhaust your state remedies on Ground Two, explain why</u>:

Trial counsel failed to raise the claims in the motion to suppress and therefore

would not have been preserved even if an appeal was filed, which is was not.

    **(c)**    <u>Direct Appeal of Ground Two</u>:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        [   ] Yes      [ x ] No

    (2) If you did not raise this issue in your direct appeal, explain why: <u>Ineffective</u>

<u>assistance of counsel claims are usually not cognizable on direct appeal in the</u>

<u>state of Florida. See Reynolds v. State, 99 So. 3d 459, 474 (Fla. 2012) (holding</u>

<u>that ineffectiveness claims "generally are not cognizable on direct appeal and are</u>

<u>properly raised in postconviction proceedings")</u>.

    **(d)**    <u>Post-Conviction Proceedings</u>:

    (1) Did you raise this issue through a post-conviction motion or petition for

habeas corpus in a state trial court?

[   ] Yes      [ x ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   <u>n/a</u>

Name and location of the court where the motion or petition was filed:

<u>n/a</u>

Docket or case number:    <u>n/a</u>

Date of the court's decision: <u>n/a</u>    Result: <u>n/a</u>

(3) Did you receive a hearing on your motion or petition? [  ] Yes  [ x ] No

(4) Did you appeal from the denial of your motion or petition? [  ] Yes  [ x ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? [  ] Yes  [ x ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>n/a</u>

Docket or case number: <u>n/a</u>

Date of the court's decision: <u>n/a</u>

Result: <u>n/a</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Plaintiff did not timely raise this claim and sub-claims within the two-year window allowed pursuant to Fla. R. Crim. P. 3.850, because he did not have counsel at the time of filing his initial or amended and supplemental rule 3.850 motion.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: <u>n/a</u>

## GROUND THREE

DEFENSE COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO CHALLENGE THE ISSUE OF WHETHER KELLY'S STATEMENTS WERE COERCED BASED ON THREATS BY LAW ENFORCEMENT TO OBTAIN A WARRANT, IN VIOLATION OF KELLY'S RIGHTS UNDER THE FOURTH, SIXTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

**(a) Supporting facts:**

The instant claim of ineffective assistance of trial counsel is raised for the first time in this application for writ of habeas corpus; the petitioner filed his initial-review collateral proceeding *without the benefit of counsel*, and therefore respectfully urges this Court to rule upon, in the first instance, the foregoing claim of ineffective assistance of trial counsel. In support of overcoming the procedural default, the petitioner relies upon *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), wherein which the United States Supreme Court held:

Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Id. At 1320. (emphasis added). In 2013, the Supreme Court confirmed that the Martinez ruling applied to prisoners who technically had the ability to bring their ineffective assistance claims on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition. *Trevino v. Thaler*, 133 S. Ct. 1911, 1921, 185 L. Ed. 2d 1044 (2013). Under Martinez, a petitioner still must establish that his underlying ineffective assistance claim is "substantial" -- that is, that it has "some merit" before the procedural default can be excused. Martinez, 132 S. Ct. At 1318-19.

In this case Det. Smith asked Petitioner for consent to search the vehicle. Petitioner

denied consent by saying no you can't search the vehicle. Det. Smith then told Defendant that if he did not consent that a warrant would be obtained and that the vehicle would be torn apart. At that juncture, Petitioner stated that he didn't want to talk anymore and Det. Smith walked off. Petitioner then requested to speak to the supervisor in charge. Sgt. Collins came over introduced himself and before Petitioner could tell him what Det. Smith just said, started to inform Petitioner of his intention of getting Petitioner to cooperate in his investigation. See facts stated in *supra* Ground Two. As a delayed result of Det. Smith's threat of obtaining a warrant after Petitioner invoked his right to silence, Sgt. Collins threats and promises of leniency violated Petitioner's rights.

Counsel's failure to use the information told to him by Petitioner and failure to obtain discovery and to depose Sgt. Collins and Det. Smith deprived Petitioner of facts needed to establish a the constitutional violations that occured that would have supported the suppression motion constitutes deficient performance, as it cannot be seriously argued that this constituted sound strategy and there is a reasonable probability that the argument would have been successful if considered, resulting in the granting of Kelly's motion to suppress and the collapse of the State's case against him, as the motion to suppress was clearly dispositive.

**(b)    If you did not exhaust your state remedies on Ground Three, explain why:**

Trial counsel failed to raise the claims in the motion to suppress and therefore would not have been preserved even if an appeal was filed, which is was not.

**(c)    Direct Appeal of Ground Three:**

(1)    If you appealed from the judgment of conviction, did you raise the issue? [  ] Yes      [ x ] No

(2)    If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel claims are generally not cognizable on direct appeal in Florida. See Reynolds v. State, 99 So. 3d 459, 474 (Fla. 2012) (holding that ineffectiveness claims "generally are not cognizable on direct appeal and are properly raised in postconviction proceedings").

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   [   ] Yes      [ x ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  n/a

Name and location of the court where the motion or petition was filed:  n/a

Docket or case number (if you know):  n/a

Date of the court's decision:  n/a

Result (attach a copy of the court's opinion or order, if available):  n/a

(3) Did you recieve a hearing on your motion or petition?  n/a

(4) Did you appeal from the denial of your motion or petition?  n/a

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  n/a

Name and location of the court where the appeal was filed:  n/a

Docket or case number (if you know):  n/a

Date of the court's decision:  n/a

Result (attach a copy of the court's opinion or order, if available):

(6) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Plaintiff did not timely raise this claim within the two-year window allowed pursuant to Fla. R. Crim. P. 3.850, because he did not have counsel at the time of filing his initial or amended and supplemental rule 3.850 motion.

(e)    **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: n/a

## GROUND FOUR

DEFENSE COUNSEL WAS INEFFECTIVE AS A RESULT OF HIS FAILURE TO CALL A K9 EXPERT TO CHALLENGE THE K9 ALERT VIOLATED KELLY'S RIGHTS UNDER THE FOURTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

(a) **Supporting facts**:

The instant claim of ineffective assistance of trial counsel is raised for the first time in this application for writ of habeas corpus; the petitioner filed his initial-review collateral proceeding *without the benefit of counsel*, and therefore respectfully urges this Court to rule upon, in the first instance, the foregoing claim of ineffective assistance of trial counsel. In support of overcoming the procedural default, the petitioner relies upon *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), wherein which the United States Supreme Court held:

Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral

proceeding, there was no counsel or counsel in that proceeding was ineffective. Id. At 1320. (emphasis added). In 2013, the Supreme Court confirmed that the Martinez ruling applied to prisoners who technically had the ability to bring their ineffective assistance claims on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition. *Trevino v. Thaler,* 133 S. Ct. 1911, 1921, 185 L. Ed. 2d 1044 (2013). Under Martinez, a petitioner still must establish that his underlying ineffective assistance claim is "substantial" -- that is, that it has "some merit" before the procedural default can be excused. Martinez, 132 S. Ct. At 1318-19.

In the instant case Defense counsel was told by Petitioner of the suspicious circumstances surrounding the K9 alert at Counsel Gregg Williams office after being released on ROR. Kelly advised counsel that K9 Reaper: 1) lost interest in the vehicle by walking away at the 12:00 position and had to be pulled back by the handler to re-engage; 2) was cued by the handler to sit immediately after the handler tapped several times on the vehicle. In addition, Kelly had been detained for some time before the K9 was deployed. The handler was not called by anyone to the scene to initiate a sniff by either Dep. Jett or Det. Smith. In fact the record shows that Dep. Jett stated the K9 was dispatched due to Jett's emergency call for help. **Appendix K** [Dep. Jett Deposition p.18, L. 1-16].

The handler began the walk in a counter clockwise position, starting at the driver's door. The handler then walked the K9 around the rear of the vehicle from the right to the rear and then to the front. The K9 lost interest while approaching the front, or 12:00 position, and began walking away from the vehicle. When the K9 reached a point five (5) to (10) feet from the vehicle, the handler pulled him back and forced the K9 to re-engage. The handler re-engaged the K9 at the 12:00 position in counterclockwise positionand headed towards the driver's door. Upon

reaching the driver's door, the handler tapped on the vehicle several times, whereupon the K9 immediately sat down.

A determination that the K9 was cued would have demonstrated that the alert did not establish probable cause for the search and would have called into question the integrity of the entire investiagtion. Had the K9 alert been challenged, there is a reasonable probabiltiy that the evidence obtained would have been suppressed and Kelly would have insisted on going to trial.

(b)    **If you did not exhaust your state remedies on Ground Four, explain why:**

Trial counsel failed to raise the claims in the motion to suppress and therefore would not have been preserved even if an appeal was filed, which is was not.

(c)    **Direct Appeal of Ground Four:**

(3)    If you appealed from the judgment of conviction, did you raise the issue? [ ] Yes      [ x ] No

(4)    If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel claims are generally not cognizable on direct appeal in Florida. See Reynolds v. State, 99 So. 3d 459, 474 (Fla. 2012) (holding that ineffectiveness claims "generally are not cognizable on direct appeal and are properly raised in postconviction proceedings").

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   [ ] Yes      [ x ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: n/a

Name and location of the court where the motion or petition was filed: <u>n/a</u>

Docket or case number (if you know): <u>n/a</u>

Date of the court's decision: <u>n/a</u>

Result (attach a copy of the court's opinion or order, if available): <u>n/a</u>

(3) Did you recieve a hearing on your motion or petition? <u>n/a</u>

(4) Did you appeal from the denial of your motion or petition: <u>n/a</u>

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? <u>n/a</u>

Name and location of the court where the appeal was filed: <u>n/a</u>

Docket or case number (if you know): <u>n/a</u>

Date of the court's decision: <u>n/a</u>

Result (attach a copy of the court's opinion or order, if available):

(6) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Plaintiff did not timely raise this claim within the two-year window allowed pursuant to Fla. R. Crim. P. 3.850, because he did not have counsel at the time of filing his initial or amended and supplemental rule 3.850 motion.

(e)   <u>**Other Remedies**</u>: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: <u>N/A</u>

## GROUND FIVE
### PETITIONER IS ENTITLED TO HABEAS RELIEF AS A RESULT OF CUMULATIVE ERRORS

The instant claim of ineffective assistance of trial counsel is raised for the first time in this application for writ of habeas corpus; the petitioner filed his initial-review collateral proceeding without the benefit of counsel, and therefore respectfully urges this Court to rule upon, in the first instance, the foregoing claim of ineffective assistance of trial counsel. In support of overcoming the procedural default, the petitioner relies upon *Martinez v. Ryan*, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), wherein which the United States Supreme Court held:

Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Id. At 1320. (emphasis added). In 2013, the Supreme Court confirmed that the Martinez ruling applied to prisoners who technically had the ability to bring their ineffective assistance claims on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition. *Trevino v. Thaler*, 133 S. Ct. 1911, 1921, 185 L. Ed. 2d 1044 (2013). Under Martinez, a petitioner still must establish that his underlying ineffective assistance claim is "substantial" -- that is, that it has "some merit" before the procedural default can be excused. Martinez, 132 S. Ct. At 1318-19.

Should this Court reach the conclusion that Kelly is not entitled to relief based on the occurence of any single act or ommission, this Court may and should nevertheless grant relief on the basis of the combined effect of more than one instance of ineffective assistance of counsel.

(b)    **If you did not exhaust your state remedies on Ground Five, explain why:**

Plaintiff did not timely raise this claim within the two-year

window allowed pursuant to Fla. R. Crim. P. 3.850, because he did not have

counsel at the time of filing his initial or amended and supplemental rule 3.850

motion.

(c)    **Direct Appeal of Ground Five:**

(5)    If you appealed from the judgment of conviction, did you raise the

issue? [  ] Yes        [ x ] No

(6)    If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel claims are generally not cognizable on

direct appeal in Florida. See Reynolds v. State, 99 So. 3d 459, 474 (Fla.

2012) (holding that ineffectiveness claims "generally are not cognizable on

direct appeal and are properly raised in postconviction proceedings").

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for

habeas corpus in a state trial court? [  ] Yes        [ x ] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: n/a

Name and location of the court where the motion or petition was filed: n/a

Docket or case number (if you know): n/a

Date of the court's decision: n/a

Result (attach a copy of the court's opinion or order, if available): n/a

(3) Did you recieve a hearing on your motion or petition?  <u>n/a</u>

(4) Did you appeal from the denial of your motion or petition:  <u>n/a</u>

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  <u>n/a</u>

Name and location of the court where the appeal was filed:  <u>n/a</u>

Docket or case number (if you know):  <u>n/a</u>

Date of the court's decision:  <u>n/a</u>

Result (attach a copy of the court's opinion or order, if available):

(6) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  Plaintiff did not timely raise this claim within the two-year window allowed pursuant to Fla. R. Crim. P. 3.850, because he did not have counsel at the time of filing his initial or amended and supplemental rule 3.850 motion.

(e)    <u>Other Remedies</u>: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: <u>n/a</u>

Please answer these additional questions about the petition you are filing:

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? [   ] Yes   [ x ] No

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground One was presented to the circuit court and First District Court of Appeal. However, it was denied in the FDCA without opinion and therefore that is the highest court that can rule upon the claim.

Grounds two thru five were never raised in the 3.850 motion and therefore could not have been raised for the first time on appeal to the FDCA.

Moreover, grounds two thru five are raised for the first time in this application for writ of habeas corpus; the petitioner filed his initial-review collateral proceeding *without the benefit of counsel*, and therefore respectfully urges this Court to rule upon, in the first instance, the foregoing claims of ineffective assistance of counsel

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  [ x ] Yes   [  ] No

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  [ x ] Yes   [  ] No

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Gregg Williams, Esq., Jacksonville, Florida

(b) At arraignment and plea:  <u>Same</u>

(c) At trial:  <u>n/a</u>

(d) At sentencing: <u>Same</u>

(e) On appeal: <u>n/a</u>

(f) In any post-conviction proceeding: Brian Crick, Esq., Jacksonville, Florida

Paula Coffman, Esq., Orlando, Florida

(g) On appeal from any ruling against you in a post-conviction proceeding: <u>*Pro-se*</u>

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? [  ] Yes [ x ] No

18.    <u>TIMELINESS OF PETITION</u>:  If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner was sentenced to (2) two days in the county jail. Therefore (a) he is not in custody for purposes of §2254 and (b) because U.S.C. §2244(d) does not have a statutory provision for challenging to sentences that expire prior to a petitioner being able to file a petition, Justice Souter has stated that a petitioner has to have a federal forum in which to collaterally attack his conviction. See <u>*Povetud v. City of New York*</u>, 715 F.3d 57 (2nd Cir. 2013) (Adopting Justice Souter's dicta and held that <u>Heck</u> does not apply to a Petitioner no longer in custody, even where he stayed           his §1983 proceeding pending the outcome of his state court motion to invalidate his guilty plea. Further, the Povetud court held that "...the pronoucment of five justices that <u>**some federal remedy either habeas corpus or §1983-must be available**</u>...")

Furthermore, because Plaintiff's DWLSR was bifurcated from the felony cases that he is currently imprisoned for and because he was prosecuted in different courts. (County and

Circuit). He cannot satisfy the "in custody" requirement. See <u>Boone v. Warden,</u> 810 Fed. Appx. 739 (11th Cir. 2020) (holding, that the district lacked jurisdiction over an Alabama's inmate's 28 U.S.C.S 2254 petition since he was challenging his 2009 drug conviction and sentence and he could not satisfy the in custody requirement even if the court assumed that his 2009 sentence on drug charges was consecutive to his 2010 sentence for capital murder and that a grant of habeas relief would result in no shortening of his term of incarceration.)

Likewise, habeas relief would result in no shortening of Kelly's incarceration. The Petition itself is just a vehicle for a federal forum challenge an erroneous state conviction.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-

          (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B)    the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

          (C)    the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

          (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner asks that the Court grant the following relief:

An evidentiary hearing or remand  for a new trial or any other relief to which petitioner may be entitled.

---

Colburn C.G. Kelly DC# J49515

DECLARATION

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the hands of prison mailroom officials.

Executed on this _16th_ day of February, 2022.

/s/_____
Colburn C.G. Kelly DC# J49515

CERTIFICATE OF SERVICE

UNDER PENALTIES OF PERJURY I HEREBY CERTIFY that (2x) true and correct Amended §2254 Petitions were placed in the hands of prison officials at Franklin Correctional Institution for mailing to be forwarded by Prepaid First Class U.S. Mail Delivery to the following:

United States District Court
Middle District of Florida
300 N. Hogan St., Suite 9-150
Jacksonville, Florida 32202

Sec'y Dept. of Corrections
501 S. Calhoun St.,
Tallahassee, Florida 32399-0001

/s/_____
Colburn C.G. Kelly DC# J49515
Franklin Correctional Institution
1760 Highway 67 N
Carrabelle, Florida 32322

PROVIDED TO FRANKLIN C.I.
FOR MAILING ON

2/16/22

INMATE INITIALS

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2022 MAR ：

CLERK. US
MIDDLE C
JACKSON\

COLBURN CLIFTON GOODEN KELLY,

     Petitioner,

v.                                  Case No. _____

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

     Respondents.

_____/

NOTICE OF ADVISEMENT OF INITIATION OF
NEW HABEAS CORPUS PETITION

     COMES NOW, Petitioner, *pro-se*, and respectfully files this notice. In support, petitioner states the following.

1. On January 24, 2022, this Court denied petitioner's Motion To Reinstate §2254 Petition in case 3:21-cv-1253-JLA-LLL.

2. This Court reiterated to Petitioner that his petition was dismissed without prejudice and that he may file a new habeas petition.

3. Petitioner had updated the petition in 3:21-cv-1253-HLA-LLL to reflect that his state-court proceedings had concluded.

4. Although Petitioner did not specifically ask the court to treat the petition as a new petition in the alternative that it denied the motion to reinstate, Petitioner had hoped the Court would do so because the predicate for dismissal was moot. That is why Petitioner updated the petition to reflect that the state-court proceedings were over with.

5. The attached is a new petition reflecting that the state court proceedings are concluded.

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct and that

this Notice of Advisement was placed in the hands of prison mailroom officials.


Executed on this 16th day of February, 2022.

/s/ _____
        Colburn C.G. Kelly DC# J49515


## CERTIFICATE OF SERVICE

UNDER PENALTIES OF PERJURY I HEREBY CERTIFY that (2x) true and

correct Notice of Advisements were placed in the hands of prison officials at Franklin

Correctional Institution for mailing to be forwarded by Prepaid First Class U.S. Mail

Delivery to the following:

United States District Court
Middle District of Florida
300 N. Hogan St., Suite 9-150
Jacksonville, Florida 32202

Sec'y Dept. of Corrections
501 S. Calhoun St.,
Tallahassee, Florida 32399-0001


on this 16th day of February, 2022.

/s/ _____
        Colburn C.G. Kelly DC# J49515
        Franklin Correctional Institution
        1760 Highway 67 N
        Carrabelle, Florida 32322


PROVIDED TO FRANKLIN CI
FOR MAILING ON
2 /16/ 22 AC
INMATE INITIALS____C.K.